■ BARBARA HAMAN et al., Appellants, v. HUMBLE OIL & REFINING CO., Defendant and Third-Party Plaintiff-Respondent. SCARSDALE LANDSCAPING, INC., Third-Party Defendant-Respondent.— Order, Supreme Court, Bronx County, entered on July 24, 1974, granting defendant and third-party-plaintiff's motion for leave to serve an amended answer alleging the defense that plaintiffs' action is barred by section 11 of the Workmen's Compensation Law, unanimously reversed, on the law and in the exercise of discretion, and the motion denied. Appellants shall recover of respondents one bill of $40 costs and disbursements of this appeal. This action was commenced in March, 1970 and has been tried twice since then. An initial verdict in plaintiff's favor was reversed by this court (41 A D 2d 624). The Court of Appeals reversed and directed a new trial (34 N Y 2d 557). The retrial, in June, 1974, resulted in a mistrial and it was only thereafter that Humble made its formal motion for leave to amend its answer as indicated. In addition to being guilty of inordinate delay in seeking to assert a defense based upon facts which were available to it by means of the simplest pretrial disclosure procedures, it appears that the defense sought to be alleged is totally devoid of merit. There was no employee-employer relationship between the female plaintiff and Humble. She was employed by an employment agency which sent her to Humble. That agency, and not Humble, paid her wages, deducted her withholding taxes, social security and disability insurance and provided her with Workmen's Compensation coverage. Under the circumstances, Special Term abused its discretion in granting this motion. Concur — Markewich, J. P., Kupferman, Capozzoli and Lane, JJ.